FILED
U.S. DISTRICT COURT

2006 DEC -8  P 1: 14

DISTRICT OF UTAH

BY:_____
      DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| CLIFFORD MCQUARRIE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RICHARD D. SIMON and ALBAN B. LANG,<br><br>    Defendants. | Case No: 2:02CV1028<br><br>Judge: Honorable Dee Benson<br><br>Amended [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court filed August 9, 2006, on the application of the parties for final approval of the settlement set forth in the Stipulation of Settlement filed June 6, 2006 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.  The Settlement Class is defined as all Persons who purchased, sold, or otherwise acquired or disposed of the common stock of Simon Transportation Services, Inc. ("Simon Transportation" or "the Company") during the period beginning July 13, 1998, through and including January 14, 2002. Excluded from the Settlement Class are Defendants, members of the immediate families of each of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current and former directors and officers of the Company and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity.

4.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased, sold, or otherwise acquired or disposed of shares of Simon Transportation common stock during the period of July 13, 1998 through and including January 14, 2002, and approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

5.  The Court finds that the Stipulation, and Settlement contained therein, is fair,

just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation, and Settlement contained therein, is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided herein or in the Stipulation.

7. Upon the Effective Date hereof, and in consideration of: (a) Defendants' agreement to pay (or have their insurance companies pay) the amount of $275,000.00 (the "Cash Settlement Amount") and (b) Defendants' release of Defendants' Released Claims, as set forth in the Settlement, Lead Plaintiffs and each Settlement Class Member (and their Corresponding Parties, as set forth in ¶1.22 of the Stipulation of Settlement) shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against Defendants, and each of them, and each of their Corresponding Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

8. Except as otherwise expressly set forth in the Stipulation of Settlement, upon the Effective Date, all claims for contribution and indemnification arising out of the Released Claims by any Settling Party are hereby barred.

9. All members of the Settlement Class who have not submitted valid claims of exclusion or objection hereby forever barred and enjoined from prosecuting the Released Claims against Defendants and Defendants' Corresponding Released Parties.

10. Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiffs, the Settlement Class, and all members thereof, as set forth in ¶7, above, Defendants, and each of them (and their related parties as set forth in ¶1.21 of the Stipulation of Settlement), shall be deemed to have, and by operation of this Judgment shall

have, fully, finally and forever released, relinquished and discharged each and all of the Lead Plaintiffs, Settlement Class Members, Lead Plaintiffs' Counsel, and each of them, and each of those parties' Corresponding Released Parties from all Released Defendants' Claims (including "Unknown Claims"), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11.    The notice given to the Settlement Class, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth in the notice, including the proposed Settlement set forth in the Stipulation and the Final Approval Hearing thereon, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

12.    Any plan of allocation submitted by Lead Plaintiffs' Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, fault of the Defendants and their Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of any of the Defendants, or any of their Corresponding

Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may deemed to be or shall be used, offered or received against the Defendants, Plaintiffs, their Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Parties and their Corresponding Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the Settling Parties or any of their Corresponding Released Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Action, the Settling Parties and

their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Counsel for Plaintiffs and the Settlement Class are awarded fees in the amount of $ 68,750.00 or 25 % of the Settlement Fund (of $275,000.00), plus reimbursement of expenses in the amount of $ 22,456.90, plus interest to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: 8th December, 2006

*[signature: Dee Benson]*

THE HONORABLE DEE BENSON
UNITED STATES DISTRICT COURT JUDGE